No. 918          December 18, 2024          913

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James MAMBU,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Office of Administrative Hearings
2022DHS16665;
A179995

Argued and submitted October 29, 2024.

James Mambu argued the cause and filed the brief *pro se*.

Patricia G. Rincon Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner, appearing *pro se*, seeks judicial review of a Department of Human Services (DHS) final order. We understand petitioner to raise one assignment of error, challenging the final order issued in his case. Our review of an agency final order is limited. ORS 183.482(8). Under our standard of review, we cannot reweigh facts or make new credibility findings. *Gaylord v. DMV*, 283 Or App 811, 822, 391 P3d 900 (2017). Instead, when, as here, a petitioner challenges an agency's factual finding, we answer a narrow question: whether "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8). Because we conclude that the record permitted the agency to make the challenged finding, we affirm the final order.

"[T]his court has jurisdiction in judicial review of final orders in contested cases." *Eusiquio v. Dept. of Human Services*, 243 Or App 100, 110, 259 P3d 917 (2011). "[The Administrative Procedures Act] provisions also outline the scope of authority in judicial review proceedings, where the reviewing court is limited to examining the agency's order for errors of law, abuse of discretion, and substantial evidence." *Id.* "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Thus, "[i]n reviewing a finding to determine whether it is supported by substantial evidence," we "must evaluate evidence against the finding as well as evidence supporting it to determine whether substantial evidence exists to support that finding." *Liberty Northwest Ins. Corp. v. Mundell*, 219 Or App 358, 362, 182 P3d 898 (2008).

In 2021, petitioner worked as a residential counselor at a residential treatment facility. After an investigation, DHS found that petitioner had neglected a resident's care "by failing to administer her PRN (as needed) medication." Kaster-Sena, who worked the shift immediately following petitioner's shift, testified at the contested hearing. She stated that when she arrived to work on the day in question, the resident told her that petitioner had refused to provide the resident's medication and that petitioner said that he did not believe that the resident was in pain.

Petitioner disputes that version of events. At the hearing, he testified that the resident had not contacted him that night and that he would have provided the medication had she requested it. Petitioner explained that he first encountered the resident at the Oregon State Hospital, where she "blame[d]" him for not helping her get "out of seclusion," and that she had called him racial slurs. He further testified that he encountered the resident again when she entered the residential facility and that she recognized him. According to petitioner, the resident fabricated the allegations because she resented him for reporting her rule violations. In addition, two other coworkers testified that they had seen the resident being "very combative" and "hostile and agitated" toward petitioner.

In its closing argument, DHS acknowledged that petitioner "presented a history of interpersonal conflict with [the resident]." However, DHS argued:

"[T]he evidence in this incident, even when we account for the bias of the witnesses, even when we account for their potential propensity for honesty, the paperwork shows a third party—only third party eyewitness to these events, shows that [the resident] had come in and requested medicine from someone who was duty bound to provide it to her and he didn't do it, and under our statutes that is neglect."

In its final order, the administrative law judge (ALJ) found as fact that petitioner was the only employee at the facility when "[the resident] knocked on the [office] door and told [petitioner] that she wanted her [medication]. [Petitioner] spoke to her from the office, without opening the office doors, and said: 'I'm not giving you your meds until [the facility manager] gets here.'" The ALJ further found that the resident calmly relayed petitioner's statements to Kaster-Sena and again requested the medication.

The ALJ also made the following credibility findings:

"[Petitioner's] testimony that he never refused to give [the resident] her [as-needed] medication was not credible. Ms. Kaster-Sena's testimony regarding [petitioner's] statements and behavior on the morning of July 1, 2021 was credible and strongly supports the allegations as set forth in [the resident's] statements. There was no evidence

presented at [the] hearing to suggest that she had any motivation to fabricate her observations that morning."

Consequently, the ALJ concluded that "[petitioner's] failure to follow [the resident's] PRN protocols constituted neglect pursuant to ORS 430.735(10)(a), and constituted abuse under ORS 430.735(1)(e)."[1] Petitioner sought judicial review.

On judicial review, petitioner states assignments of error that assert that DHS exceeded its authority in several respects, either in the promulgating certain administrative rules or in how it applied those rules to his case. However, the substance of petitioner's argument is that DHS failed to meet its burden of proof on the allegations against him. That argument is, at its core, a challenge to the sufficiency of the evidence. Thus, we proceed with the understanding that petitioner argues that the final order is not supported by substantial evidence because DHS failed to establish that petitioner did not provide the resident's medication when she requested it. We understand petitioner to further argue that the entire record and documents concerning his history with the resident demonstrate that the resident fabricated the allegations because she was biased against him.

As stated above, our standard of review limits our appellate review of a final order. That standard of review prohibits us from "review[ing] for the better evidence" or "assess[ing] the credibility of the evidence that was presented." *Gaylord*, 283 Or App at 822 (internal quotation marks omitted). Although petitioner testified that he did not neglect the resident, the record also contains evidence to support the resident's allegations. Because the record would "permit a reasonable person" to find that petitioner failed to provide the resident's medication when she requested it, substantial evidence supports the ALJ's finding. *See* ORS 183.482(8)(c) (defining "substantial evidence"); *Liberty Northwest Ins.,* 219 Or App at 362 ("If a finding is reasonable in light of countervailing as well as supporting evidence, the finding is supported by substantial evidence.").

Affirmed.

---

[1] ORS 430.735(10)(a) defines neglect as "[f]ailure to provide the care, supervision or services necessary to maintain the physical and mental health of an adult that may result in physical harm or significant emotional harm to the adult." Under ORS 430.735(1)(e), neglect constitutes abuse.